UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DENNIS W. MIKEL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-492-TS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Dennis W. Mikel, a prisoner proceeding *pro se*, is serving an aggregate 50-year sentence for his 1997 convictions in Floyd County Superior Court on multiple counts of child molestation. *State v. Mikel*, 22D01-9705-CF-00148. He has filed this Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. [DE 1.] The Respondent argues that the Petition should be dismissed as untimely, or alternatively, that it should be denied because Mikel's claims are either procedurally defaulted or fail on the merits. [Return to Order to Show Cause, DE 15.] For the reasons stated below, the Petition is dismissed as untimely.

**FACTS**

In deciding this habeas petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mikel's burden to rebut this presumption with clear and convincing evidence. *Id*.

In 1997, Mikel was charged with multiple counts of child molestation stemming from incidents involving his biological son, his step-daughter, and a seven-year-old neighbor. *Mikel v. State*, No. 22A05-0504-PC-171 (Ind. App. Ct. Dec. 30, 2005), slip op. at 2-3. Following a jury trial, he was convicted as charged. *Id.* The trial court sentenced Mikel to an aggregate term of 70

years. *Id.* at 4. Mikel appealed, arguing that the trial court erred in denying his motion to sever the charges involving the three children. *Id.* On August 14, 1998, the appellate court affirmed. *Mikel v. State*, No. 22A01-9801-CR-22 (Ind. App. Ct. Aug. 14, 1998). Mikel did not file a petition to transfer with the Indiana Supreme Court. [*See* DE 15-3.]

On September 17, 1999, Mikel filed a motion to modify his sentence with the trial court, which was denied on November 4, 1999. [DE 15-2 at 9.] On March 9, 2000, Mikel filed a petition for post-conviction relief. *Mikel*, No. 22A05-0504-PC-171, slip op. at 4. In the post-conviction proceedings Mikel raised numerous claims, including ineffective assistance of counsel and errors in the jury instructions, certain of which were found to have merit and resulted in the trial court reducing his sentence from 70 years to 50 years. *Mikel v. State*, No. 22A01-0610-PC-474 (Ind. App. Ct. Apr. 18, 2008), slip op. at 6. The Indiana Court of Appeals affirmed the trial court's decision on re-sentencing. *Id.* at 10. Mikel filed a petition to transfer with the Indiana Supreme Court, which was denied on August 28, 2008. [DE 15-8.]

On October 22, 2008, Mikel filed this federal habeas petition raising claims of ineffective assistance of counsel, violation of his Speedy Trial rights, prosecutorial misconduct, and errors in the jury instructions. [Petition, DE 1.]

## ANALYSIS

This Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

2

> court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

In this case, the Indiana Court of Appeals decided Mikel's direct appeal on August 14, 1998. *Mikel*, No. 22A01-9801-CR-22, slip op. at 1. Mikel did not file a petition to transfer with the Indiana Supreme Court, and accordingly, direct review proceedings came to a conclusion, at the latest, 90 days later when the time expired for filing a petition for writ of certiorari with the United States Supreme Court. *See Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005). Under this analysis, the one-year statute of limitations began running on November 12, 1998, making Mikel's federal petition due no later than November 12, 1999.

A properly filed application for state post-conviction relief tolls the limitations period for filing a federal habeas petition. *See* 28 U.S.C § 2244(d)(2); *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Here, Mikel filed a motion to modify his sentence with the state trial court, which was pending from September 17, 1999, to November 4, 1999. [DE 15-2.] Assuming this

motion constituted an "application for state post-conviction relief"[1] under Section 2244(d)(2), it tolled the limitations period for 48 days, making Mikel's federal petition due on December 30, 1999. The post-conviction petition Mikel filed on March 9, 2000, did not toll the limitations period, because the statute of limitations had already expired by the time of this filing. *See De Jesus*, 567 F.3d at 943. Thus, Mikel's federal habeas petition was due by December 30, 1999, and this Petition filed on October 22, 2008, was therefore untimely.

Mikel filed a traverse and other documents in support of his Petition, but the bulk of his rather confusing filings discuss the merits of his claims and not the timeliness issue. [*See* DE 26, 26-2, 26-17.] The only reference to timeliness this Court can discern is the following: "Since the last finding in the appellate and supreme court. Petitioner is within his year from last filing." [Mem. of Law at 9, DE 26-17.] Although Mikel is correct that he filed his federal petition within one year of the state court's final ruling in the post-conviction proceedings, the one-year limitations period started running several years earlier when his conviction became final, and the subsequent state post-conviction proceedings did not "restart" the clock. *De Jesus*, 567 F.3d at 943. In summary, Mikel has not shown that his Petition was timely filed, nor has he provided any basis for excusing the untimeliness of his Petition.

---

[1] Some courts have held that a motion seeking modification of a sentence does not constitute an application for post-conviction relief under Section 2244(d)(2). *See Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir. 2001). Other courts have reached the opposite conclusion. *See Kholi v. Wall*, 582 F.3d 147, 152–53 (1st Cir. 2009). There is no need to consider the issue in detail here since Mikel's habeas petition is untimely regardless of whether the limitations period was tolled during the pendency of this motion.

**CONCLUSION**

For the foregoing reasons, the Petition for writ of Habeas Corpus [DE 1] is **DISMISSED** as untimely**.**

SO ORDERED on February 4, 2010.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION