UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DENNIS W. MIKEL, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-492-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
|     Respondent. | ) | |

**OPINION AND ORDER**

Before the Court are two motions filed by Dennis W. Mikel, a prisoner proceeding pro se [DE 33, 34]. On February 4, 2010, this Court dismissed Mikel's habeas corpus Petition filed under 28 U.S.C. § 2254 as untimely. [Opinion and Order, DE 31.] Judgment was entered on February 10, 2010. [DE 32.] Mikel has filed a letter dated May 24, 2010, which the Court construes as a motion to vacate under Federal Rule of Civil Procedure 60(b). He argues that the Court erred in dismissing his Petition as untimely.[1] [DE 33.]

Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). The reasons in support of such relief are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

---

[1] A post-judgment motion filed in a federal habeas corpus proceeding beyond the time limit prescribed in Rule 59 for a motion to reconsider should ordinarily be treated as a "second or successive" collateral attack; however, this rule does not apply where, as here, the post-judgment motion focuses on the timeliness of the petition rather than on the merits. *See West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007).

In his Motion, Mikel does not dispute that his habeas petition was untimely, and instead appears to argue that he is entitled to equitable tolling of the deadline due to errors made by his attorney on direct appeal. [DE 33 at 1-3.] Equitable tolling is a common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he pursued his rights diligently but was unable to file on time due to some extraordinary circumstance that stood in his way. *Holland v. Florida*, — S. Ct.—, 2010 WL 2346549, at *12 (Jun. 14, 2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is sparingly granted and is reserved for truly extraordinary circumstances. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) ("Equitable tolling is rarely granted . . . . Indeed, we have yet to identify a petitioner whose circumstances warrant it."). Although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, tolling is not warranted for "a 'garden variety' claim of attorney negligence." *Holland*, 2010 WL 2346549, at *13. Whether a particular situation warrants tolling must be made in a fact-specific, case-by-case determination. *Id.* at *12.

Here, Mikel asserts that he is entitled to tolling because his attorney did not timely notify him when the Indiana Court of Appeals issued an opinion, so that he was unaware that the statute of limitations had started running on the deadline for filing his federal petition. [DE 33 at 2-3.] The situation Mikel describes is not an extraordinary case of serious misconduct by counsel, but instead—although unfortunate—presents the type of "garden variety" attorney negligence that would not warrant tolling. In *Holland*, a death penalty case, the Supreme Court relied on certain facts that moved the case from "garden variety" to "extraordinary" negligence: The Court emphasized that counsel failed to communicate with the petitioner over a period of years; the petitioner repeatedly sought to fire counsel and was rebuffed by the state court; and the petitioner

2

wrote multiple letters to counsel inquiring about the status of his case and directing counsel to take certain actions prior to the expiration of the filing deadline, all of which counsel ignored. *See Holland*, 2010 WL 2346549, at *14.

Such egregious facts are absent from this case, and instead Mikel describes a situation where he simply had no contact with counsel for a period of months. Furthermore, unlike the petitioner in *Holland*, Mikel has not shown that he was *prevented* from filing on time by counsel's actions. In *Holland*, there was evidence that the petitioner could not independently learn the status of his case because the state court would not communicate with him except through counsel. *See id.* at *4. Mikel makes no such allegation here, and indeed, it is apparent from Mikel's motion that he ultimately learned of the appellate court's decision when he contacted the court himself. [DE 33 at 3.]

In addition, Mikel has not established that he was diligently pursuing his rights. Mikel states that he did not learn of the August 14, 1998, decision by the Indiana Court of Appeals until "several months" after it was issued. [DE 33 at 3.] He does not elaborate on what he means by "several months," nor does he provide documentation—such as an affidavit or a copy of the envelop sent to him with the decision—to show exactly when he received it. Even taking him at his word that it was "several months" after August 1998, once Mikel learned of the decision by the Court of Appeals, it was incumbent upon him to act diligently to pursue his rights. *Holland*, 2010 WL 2346549, at *2. He did not do so, and instead waited until March 2000 to file a *pro se* post-conviction petition in state court.² *Cf. Holland*, 2010 WL 2346549, at *14 ("[T]he *very day*

---

² This Court previously calculated that Mikel's federal petition was due by December 30, 1999. [DE 31 at 4.]

3

that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, he prepared his own habeas petition *pro se* and promptly filed it with the District Court.") (emphasis in original). Mikel provides no explanation for this period of delay, and because he was proceeding pro se at that point, the delay cannot be attributed to any act or omission by counsel. For these reasons, Mikel has not established that he is entitled to the extraordinary remedy of equitable tolling. Because there being no basis for vacating the judgment, his Motion will be denied.

Mikel has filed a separate document requesting a certificate of appealability. [DE 34.] He never filed a formal notice of appeal, but this document may serve as the functional equivalent of a notice of appeal since it specifies who is taking the appeal, the judgment appealed from, and the name of the appellate court. *See Wells v. Ryker*, 591 F.3d 562, 564–65 (7th Cir. 2010); *Bell v. Mizell*, 931 F.2d 444, 445 (7th Cir. 1991) (per curiam). Accordingly, the Court will direct the clerk to docket this letter as a notice of appeal.[3]

To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). When the district court has dismissed the petitioner's

---

[3] It is unclear whether the notice of appeal is timely. The document is dated February 20, 2010, but was received by the clerk on the same date as Mikel's motion to vacate, which is dated May 24, 2010. [DE 34 at 1; DE 33 at 1.] It is not known when Mikel tendered the document to prison officials for mailing. Nevertheless, it is the province of the Court of Appeals, and not this Court, to determine whether the appeal can proceed. *See Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

4

claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained in the Opinion and Order denying the Petition, as well as in this Order, Mikel's habeas petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling, or find that there is a reason to encourage Mikel to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

For the reasons set forth above, the Court:

(1) **DIRECTS** the Clerk to docket the Petitioner's letter [DE 34] as a notice of appeal;

(2) **DENIES** the Petitioner's motion to vacate [DE 33]; and

(3) **DENIES** the Petitioner's request for a certificate of appealability [DE 34].

SO ORDERED on July 8, 2010.

                                                        s/ Theresa L. Springmann
                                                        THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT
                                                        FORT WAYNE DIVISION